# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LACEY OGBOLUMANI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 6009 |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant U.S. Citizenship and Immigration Services' ("Government") motion for summary judgment. This matter is also before the court on Plaintiff David Ogbolumani's ("David") and Lacey Ogbolumani's ("Lacey") motion for summary judgment. For the reasons stated below, we grant the Government's motion for summary judgment and we deny Plaintiffs' motion for summary judgment.

1

## BACKGROUND

Plaintiffs are husband and wife. Plaintiffs allege that David, a citizen of Nigeria, entered into a good faith marriage with Lacey, a United States citizen, on May 20, 2000. On January 16, 2001, Lacey filed a Visa Petition on Form I-130 to classify her husband David as an "immediate relative" of a United States citizen, pursuant to 8 U.S.C. § 1151(b)(2)(A)(i) ("Lacey's Visa Petition"). Also on January 16, 2001, David concurrently filed an Adjustment of Status Application on Form I-485 to become a lawful permanent resident of the United States, pursuant to 8 U.S.C. § 1255 ("Adjustment of Status Application"). On May 20, 2002, the Government sent Lacey a "notice of intent to deny petition for alien relative" ("Notice"). (D SF Par. 37-38). This Notice advised Lacey that an investigation by the Government had revealed that David had previously entered into a sham marriage with Jamiler Anne Cooper ("Cooper") in 1997 for the purpose of evading immigration laws, and therefore it was the intention of the Government to deny the Visa Petition, pursuant to 8 U.S.C. § 1254(c). (D SF Par. 37-38). The Notice summarized the evidence upon which the Government concluded that David's previous marriage was a sham. (D SF Par. 37-38). The reasons for the denial of Lacey's Visa Petition were as follows: (1) David claimed "single" on his tax withholding documents during the time in which he was married to Cooper, (2) relatives of Cooper made statements that David paid Cooper $5,000 in cash to marry him solely to attain permanent residence, (3) relatives of Cooper had no knowledge of a bona fide marriage between David and Cooper, (4) Cooper was romantically involved with a third person during

the time she was supposedly married to David, (5) Cooper made statements that David offered her money to enter into the marriage fraudulently, (6) David made statements that he "felt [he] had no other way to obtain [his] immigration benefits" and that he "did what [he] had to do," and (7) David could not substantiate pertinent details such as how he first met Cooper and David failed to produce third party witnesses who could attest to the bona fides of the marriage to Cooper. (D SF Ex. at 93). On March 25, 2004, the Government denied both the Visa Petition filed by Lacey and the Adjustment of Status Application filed by David for the reason that David was not eligible for adjustment of status since no visas were available to David. On October 6, 2006, the Visa Petition denial was affirmed on appeal by the Board of Immigration Appeals, in a *per curiam* order.

Plaintiffs filed the instant action on November 3, 2006, under the Declaratory Judgment Act, 28 U.S.C. § 2202, the Administrative Procedures Act, 5 U.S.C. § 702 ("APA"), and alleging violations of the Fifth Amendment Due Process Clause. Lacey claimed that the decision by the Government to deny her Visa Petition should be reversed. David claimed that the decision by the Government to deny his Adjustment of Status Application should be reversed.

On September 21, 2007, the Government filed a motion to dismiss for failure to state a claim and for lack of jurisdiction. In support of the motion to dismiss, the Government primarily argued that this court lacks jurisdiction to review both decisions of the Government, namely the Government's decision to deny Lacey's Visa Petition and the Government's decision to deny David's Application for

Adjustment of Status. The Government contended that both decisions by the Government to deny Lacey's Visa Petition and David's Application for Adjustment of Status are discretionary determinations and that this court is stripped of jurisdiction to review the Government's decisions, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i)&(ii). The Government argued (1) that this court did not have jurisdiction to review Plaintiffs' claims relating to the denial of Lacey's Visa Petition, (2) that this court did not have jurisdiction to review Plaintiffs' claims relating to David's Application for Adjustment of Status, and (3) that Plaintiffs failed to state a claim with respect to their constitutional claims. On December 5, 2007, this court issued a memorandum opinion addressing the jurisdictional issues raised by the Government, and granting in part, and denying in part, the Government's motion to dismiss. *Ogbolumani v. United States Citizenship and Immigration Servs.*, 523 F. Supp. 2d 864 (N.D. Ill. 2007). In our memorandum opinion, we rejected the Government's argument that this court is stripped of jurisdiction to review the Government's denial of Lacey's Visa Petition filed under 8 U.S.C. § 1154(a) ("Section 1154(a)"). *Id.* at 878. We concluded that, based on the statutory language, Seventh Circuit precedent, and the context of various immigration laws, a decision to grant or deny a visa petition is not discretionary and this court is not stripped of jurisdiction to review the Government's decision denying Lacey's Visa Petition, pursuant to § 1252(a)(2)(B)(ii). *Id.* However, we found that the court was stripped of jurisdiction to review the decision relating to David's Adjustment of Status Application because such a decision is a discretionary one. We also found that

Plaintiffs failed to state a claim with respect to their constitutional claims, and we granted the Government's motion to dismiss those claims. The only remaining claim relates to the denial of Lacey's Visa Petition. The parties have now filed cross motions for summary judgment relating to the denial by the Government of Lacey's Visa Petition.

## LEGAL STANDARD

In cases brought pursuant to the APA, the district court should review the findings of the administrative agency under a deferential standard. *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Under this deferential standard, "the scope of review . . . is narrow and a court is not to substitute its judgment for that of the agency." *Id.* The Seventh Circuit has said with respect to review of an administrative agency's actions under the APA that, "[u]nder this deferential standard, the [agency]'s decision must be upheld unless it 'was made without a rational explanation, inexplicably departed from established policies or rested on an impermissible basis such as individious discrimination against a particular race or group.'" *Ghaly v. Immigration and Naturalization Serv.*, 48 F.3d 1426, 1431 (7th Cir. 1995)(quoting in part *Achacoso-Sanchez v. INS*, 779 F.2d 1260, 1265 (7th Cir. 1985)).

Any conclusion reached by the Government under 8 U.S.C. § 1154(c) must be supported by "substantial and probative" evidence. 8 C.F.R. § 204.2(a)(1)(ii). Therefore, in an APA review of the Government's decision to deny a visa petition

pursuant to 8 U.S.C. § 1154(c), the inquiry is whether the Government's decision was based on substantial and probative evidence and whether the Government's reliance on that evidence was arbitrary and capricious. 8 C.F.R. § 204.2(a)(1)(ii); 5 U.S.C. § 706(2)(A); *Ghaly*, 48 F.3d at 1431.

## DISCUSSION

The parties agree that the decision by the Government to deny Lacey's Visa Petition was based upon a field investigation conducted by the Government in late 2000, which led to the conclusion that David's first marriage to Cooper was fraudulent. In support of its motion for summary judgment, the Government argues that the conclusion it reached was based on substantial evidence and that the Government did not act in an arbitrary or capricious manner in denying Lacey's Visa Petition. Plaintiffs, in support of their motion for summary judgment, argue that the Government did not have substantial evidence to conclude that David's first marriage to Cooper was fraudulent and that the Government's decision to deny the Visa Petition was arbitrary and capricious.

A United States citizen may file a visa petition, under 8 U.S.C. § 1154(a), to classify an alien spouse as an "immediate relative," pursuant to 8 U.S.C. § 1151(b)(2)(A)(i). The Government is required to investigate each case, and if the Government determines that the facts in the petition are true, the Government "shall" approve the petition. 8 U.S.C. § 1154(b). However, pursuant to 8 U.S.C. § 1154(c), no petition on behalf of a spouse of a United States citizen shall be approved if the

Government determines that the alien spouse has previously entered or attempted to enter into a marriage for the purpose of evading immigration laws. 8 U.S.C. § 1154(c). In a case where an alien has previously entered into a fraudulent marriage, the Government "*will* deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy. . . ." 8 C.F.R. § 204.2(a)(1)(ii)(emphasis added).

Since the Government is under a statutory obligation, pursuant to the Immigration and Nationality Act ("INA"), to deny a visa petition when it determines that the alien did previously enter into a fraudulent marriage, the central issue at the heart of both Plaintiffs' and the Government's motions for summary judgment is whether the decision by the Government in denying the Visa Petition filed by Lacey was supported by substantial and probative evidence. If the facts demonstrate that the Government has a rational explanation for its conclusion that David's previous marriage was entered into for the purpose of evading immigration laws, then the Government would be entitled to summary judgment as a matter of law and Plaintiffs' motion for summary judgment would fail. In reviewing the Government's decision to grant or deny a visa petition, it is important to note that the central issue is not the nature, manner, or extent of the investigation that led to the Government's conclusion, but whether there was substantial evidence to support the agency's conclusion and whether that conclusion was rational, based on the evidence. *Ghaly*, 48 F.3d at 1431.

David married Cooper, a United States citizen, on July 19, 1997, and Cooper

subsequently filed a Visa Petition on Form I-130 to classify her husband David as an "immediate relative" of a United States citizen, pursuant to 8 U.S.C. § 1151(b)(2)(A)(i)("Cooper's Visa Petition"). (R DSF Par. 4-5). David and Cooper were interviewed by an immigration officer on February 1, 1999, with respect to Cooper's Visa Petition and an investigation was conducted by the Government relating to the bona fides of the marriage. (R DSF Par. 19, 22). The investigation consisted of interviews with David and Cooper, interviews with members of Cooper's friends and family, an interview with David's employer, a review of documents pertaining to the marriage, and the gathering of other evidence. (D SF Par. 24-40). At the conclusion of the investigation, it was determined by the Government that, based on the evidence, David and Cooper had entered into the marriage for fraudulent purposes. (D SF Par. 35). The reasons supporting this conclusion were articulated in the Notice denying Lacey's Visa Petition. (D SF Par. 39). The Notice stated that an interview with human resources personnel at David's employer revealed that David had claimed "single" on all of his tax withholding statements filed with his employer. (R DSF Par. 24). The Notice indicated that Cooper's sister-in-law told investigators that the marriage was a "scam" and that David paid Cooper $5,000 to marry him. (D SF Par. 25, 27). The Notice also indicated that interviews with members of Cooper's family failed to support the fact that David's and Cooper's marriage was bona fide. (D SF Par. 26-27). The Notice also stated that throughout the investigation by the Government, David and Cooper failed to provide evidence supporting the bona fides of the marriage. (DSF Par. 21).

The Notice stated that Cooper was dating a man named Clevester Robinson Jr. ("Robinson") and that Robinson's father told investigators that Robinson had been dating Cooper throughout the time that she was married to David and that Cooper often stayed with Robinson during that time. (DSF Par. 32). The Notice also pointed to admissions by Cooper to Government investigators that David "offered her money to enter into the marriage fraudulently" and that she declined that offer but "nevertheless accepted payment for school as a term of the marriage arrangement." (R. DSF 25, 27, 28). Finally, the Notice further pointed to admissions by David made to Government investigators during an interview in August 2000. Specifically, during this interview David stated:

> I felt I had no other way to obtain my immigration benefits. I did what I felt I had to do. You are intelligent people and basically have my head on a platter. However I can't bring myself to mouth the words that will destroy any remaining hope I may have.

(DSF Par. 30).

Plaintiffs acknowledge that they were given an opportunity to respond to the Notice received by Lacey and that they did submit evidence in response to the Notice. (R DSF Par. 40). However, the Government concluded that the evidence submitted by Plaintiffs failed to overcome the voluminous and overwhelming evidence that the Government had collected which indicated that the marriage between David and Cooper was fraudulent, and which included incriminating statements made by David, himself.

In this case, the Government relied on substantial and probative evidence in

9

reaching its conclusion that David's first marriage to Cooper was fraudulent. Furthermore, in the Notice issued to Lacey, the Government set forth a rational explanation for the denial of Lacey's Petition, based on the overwhelming evidence indicating that David's marriage to Cooper was fraudulent. Based upon our review of the record, we conclude that the Government's decision is supported by substantial and probative evidence and that the Government did not act in an arbitrary and capricious manner in denying Lacey's Visa Petition.

We are cognizant of the fact that Lacey may have entered into a bona fide marriage with David and that David and Lacey have now established a family. However, Plaintiffs' current marriage and family have no impact on the Government's determination of whether or not David's first marriage to Cooper was a sham. Under the INA, the Government "*shall*" deny a Visa Petition if it determines that the alien previously entered into a fraudulent marriage, and there is no weighing of factors relating to the current marriage in the Government's decision-making process. 8 U.S.C. § 1154(b)(emphasis added). The Government's decision was based upon substantial evidence and was supported by a rational explanation. We may not overturn that finding simply because we might disagree with it. A deferential standard applies for our review under the APA. *Ghaly*, 48 F.3d at 1431. The Government's decision did not inexplicably depart from the established policies and it did not rest on any impermissible grounds. *See id.* (stating that there is a deferential standard of review of the Government's determinations and the "decision must be upheld unless it 'was made without a rational explanation, inexplicably

departed from established policies or rested on an impermissible basis such as individuous discrimination against a particular race or group'")(quoting in part *Achacoso-Sanchez*, 779 F.2d at 1265). Therefore, the Government is entitled to summary judgment. Thus, we grant the Government's motion for summary judgment and deny Plaintiffs' motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motion for summary judgment and we deny Plaintiffs' motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 8, 2008